UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL BIONDO,

                              Plaintiff,

     v.                                              Civil Action No. _____

WEST ASSET MANAGEMENT, INC

                              Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Michael Biondo is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant West Asset Management, Inc. is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a student loan debt with U.S. Department of Education. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed to collect on the subject debt.

13. That in or about 2012, Plaintiff filed for a forbearance on his student loan. Plaintiff believed that the forbearance was granted since his account was showing current.

14. That in or about July of 2013, Plaintiff received a letter from Defendant stating his account was delinquent even though the Department of Education showed his account current.

15. That in or about August 2013, Defendant had a telephone conversation with the Plaintiff's girlfriend and told her that the Plaintiff gave her number as a contact and disclosed the existence of the alleged subject debt.

16. That in or about August of 2013, Defendant contacted Plaintiff's girlfriend and left voice messages disclosing the debt on her cellular telephone voice mail and asking her to have Plaintiff call the Defendant back.

17. That in or about August 16, 2013, Defendant contacted Plaintiff's HR department and disclosed the existence of the alleged subject debt and asked Plaintiff's employer to pass a message to the Plaintiff to call the Defendant back.

18. That in or about August 30, 2013, Defendant had another conversation with the Plaintiff's HR department wherein they demanded verification of employment and threatened that they would "take it to the next step" if they did not hear back from the Plaintiff.

19. That despite Defendant's statements, they had not been authorized by the U.S. Department of Education to pursue legal action against Plaintiff, nor did they have the present ability to do so or any intention to do so.

20. That in or about September 2013, Defendant contacted Plaintiff's girlfriend's parents and grandfather and disclosed the existence of the alleged subject debt.

21. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C §1692c(a)(1), 15 U.S.C §1692c(a)(3), and 15 U.S.C. §1692b(3) by contacting Plaintiff's HR department and/or girlfriend and/or Plaintiff's girlfriend's family members multiple times in an attempt to collect the subject debt.

   B. Defendant violated 15 U.S.C. §1692b(2) by disclosing the existence of the subject debt to his girlfriend, her family members, and to Plaintiff's employer.

   C. Defendant violated 15 U.S.C §1692e(11) by requesting that Plaintiff's employer and/or co-worker as well as his girlfriend pass a message to the Plaintiff to call the Defendant.

   D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by demanding verification of employment to Plaintiff's HR manager and threatening that they would "take it to the next step" if they did not hear back from the Plaintiff.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

3

## I. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 30, 2013

                                                  /s/ Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
       khiller@kennethhiller.com